IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**GREGORY DENNIS,**

       Plaintiff,

v.                                                 No. 09-2312

**CANADIAN NATIONAL RAILWAY/
ILLINOIS CENTRAL RAILROAD COMPANY,**

       Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ILLINOIS
CENTRAL RAILROAD COMPANY'S MOTION FOR EXTENSION**

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CANADIAN
NATIONAL RAILWAY'S MOTION FOR EXTENSION**

Before this Court are Defendant Canadian National Railway's ("CNR") Motion for Extension of Time to File Responses to Plaintiff's Request for Admissions (D.E. #74, #75)[1] and Defendant Illinois Central Railroad's ("IC") Motion for Extension of Time to Respond to Plaintiff's Request for Admissions 1-4 (D.E. #77). The instant motions were referred to United States Magistrate Judge Charmiane G. Claxton (D.E. #78). For the reasons set forth herein, Defendants' Motions for Extensions are hereby GRANTED IN PART AND DENIED IN PART.

---

[1] Defendant CNR filed its Motion for Extension at Docket Entry #74, filed its Memorandum in Support as a motion at Docket Entry # 75, and filed its "Certificate of Counsel" at Docket Entry #76. In the future, the Memorandum and Certificate of Consultation should be filed as attachments to the Motion in accordance with the Local Rules.

1

**I. Background**

On May 15, 2009, Plaintiff Gregory Dennis ("Dennis") filed a pro se Complaint against "Canadian National Railway / Illinois Central Railroad Company." Dennis alleged that his employment was unlawfully terminated on the basis of race in violation of 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981, et seq. On October 30, 2009, Defendant CNR filed a Motion to Dismiss (D.E. #23) pursuant to Rule 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure asserting that it has not been properly served with process and is not subject to personal jurisdiction in the State of Tennessee. The District Court deferred ruling upon this motion (D.E. #24), and thus it is currently still pending before the District Court.

Despite the pending Motion to Dismiss, Plaintiff initiated discovery regarding his claims. On May 11, 2010, Defendant CNR filed a Motion for Protective Order and to Stay Discovery (D.E. #68) pending the resolution of the pending Motion to Dismiss. Specifically, CNR requests that the Court (1) quash the deposition subpoena of William D. Hall, (2) strike Plaintiff's Requests for Admission 1-4 as to CNR, and (3) stay all discovery as to CNR until the District Court has determined whether it has personal jurisdiction over CNR.

On May 18, 2010, IC filed its Motion for Protective Order Regarding Plaintiff's Requests for Admission 1-4. IC stated that the "first four requests for admission directed to Defendant IC go solely to issues concerning the relationship between Defendant IC and Defendant CNR, and have no bearing whatsoever on Plaintiff's claims against IC." Thus, IC argues that "discovery relating to such issues is premature and will result in unnecessary expense and burden on the part of IC."

On May 24, 2010, Plaintiff filed his response to Defendants' motions. He stated that he has a right to discovery regarding his claims and a right to discovery on the issue of whether the Court

has personal jurisdiction over CNR.  Thus, Plaintiff asserts that the motions should be denied.

On May 26, 2010, Defendant CNR filed its Motion for Extension of Time to File Defendant's Responses to Plaintiff's Requests for Admission 1-4.  CNR asserted that it should not be required to file its responses until the Court rules upon the pending motions for protective order and the pending motion to dismiss.  On May 27, 2010, Defendant IC filed its Motion for Extension of Time to Respond to Plaintiff's Requests for Admission 1-4, relying upon the same grounds as CNR.

**II. Analysis**

Upon review, the Court is persuaded by Defendants' argument that they should not be required to respond to Requests for Admission 1-4 until the Court has ruled upon the pending motions for protective order (D.E. #68, D.E. #70).  As Defendants note, requiring a response to these requests before a ruling on the motion for protective order would negate the utility and purpose of the motion for protective order.  See, e.g., St. Regis Paper Co. v. Upgrade Corp., 86 F.R.D. 355, 357 (D.C. Mich. 1980).  Therefore, the Court grants this request.

However, the Court will not permit an extension to respond to Requests for Admission 1-4 until after the District Court rules upon the pending Motion to Dismiss.  The Motion to Dismiss is not referred to the United States Magistrate Judge.  Thus, for the Magistrate Judge to determine what responses should and should not be permitted before the determination of that motion would not be appropriate.  Therefore, the Court denies this request.

Accordingly, the Court GRANTS IN PART AND DENIES IN PART Defendant Canadian National Railway's Motion for Extension of Time to File Responses to Plaintiff's Request for Admissions (D.E. #74, #75) and Defendant Illinois Central Railroad's Motion for Extension of Time

to Respond to Plaintiff's Request for Admissions 1-4 (D.E. #77).  Defendants shall not be required to respond to Plaintiff's Requests for Production 1-4 until after the Court's consideration of the pending motions for protective order.  If, after determination of the motions for protective order, the Court finds that responses to Requests for Production 1-4 are appropriate, Defendants shall have thirty days from the entry of the Court's order on the motions for protective order to file appropriate responses.

### III.  Conclusion

For the reasons set forth herein, Defendant Canadian National Railway's Motion for Extension of Time to File Responses to Plaintiff's Request for Admissions (D.E. #74, #75) and Defendant Illinois Central Railroad's Motion for Extension of Time to Respond to Plaintiff's Request for Admissions 1-4 are hereby GRANTED IN PART AND DENIED IN PART.

**IT IS SO ORDERED** this 1st day of June, 2010.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE