IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**GREGORY DENNIS,**

      **Plaintiff,**

v.                                                                         No. 2:09-cv-02312-BBD-cgc

**CANADIAN NATIONAL RAILWAY COMPANY**
**and ILLINOIS CENTRAL RAILROAD COMPANY,**

      **Defendants.**

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

### I. Introduction

Before the Court is Plaintiff Gregory Dennis's Motion to Compel (D.E. #81.), which requests that the Court order Defendant Illinois Central Railway Company ("IC") to respond to his First and Second Requests for Production. The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton (D.E. #81). For the reasons set forth herein, Plaintiff's Motion to Compel is hereby DENIED.[1]

### II. Analysis

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R.

---

[1] The Court notes that Plaintiff neglected to file a Certificate of Consultation along with the instant motion as required by Local Rule 7.2(a)(1)(B). The Court instructs Plaintiff that he must include such a certificate with future motions as required by the Local Rules and that failure to comply may be deemed good cause for denying a motion.

Civ. P. 26(b)(1). Relevant evidence must appear "reasonably calculated to lead to the discovery of admissible evidence." Id. The scope of discovery is both broad and liberal, Hickman v. Taylor, 329 U.S. 495, 507 (1947), and is "within the broad discretion of the trial court," Lewis v. ABC Business Servs., Inc., 135 F.3d 389, 402 (6th Cir. 1998). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. See Fed. R. Civ. P. 26(c). Under Rule 37 of the Federal Rules of Civil Procedure, a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a). Such a request is appropriate if a party has failed to respond to either interrogatories or requests for production. Fed. R. Civ. P. 37(a)(3)(B).

### A. Plaintiff's First Set of Requests for Production

#### 1. Request 1

As to Request 1, Plaintiff sought a copy of annual salary guidelines for management employees for 2002-2006. Plaintiff argues that IC produced all guidelines except the 2002 guidelines and requests that the Court compel the production of this information. IC responds that the management salary guidelines for 2001 and 2002 were the same and that there are no separate salary guidelines to produce for 2002. Accordingly, based upon IC's clarification of its production, the Court finds that IC has adequately responded and that no further discovery shall be ordered as to Request 1.

#### 2. Request 2

As to Request 2, Plaintiff sought a copy of his salary history from June, 2002 until July, 2006. Plaintiff now asserts, with no citation to the record, that this production was incomplete. IC affirms that it has provided "Plaintiff's complete salary history" along with his "personnel file." Because Plaintiff has failed to explain how IC's production is incomplete and IC has affirmed that

it did provide all information believed to be requested, the Court finds that no further discovery shall be ordered as to Request 2.

### *3. Request 3*

As to Request 3, Plaintiff sought a copy of his job descriptions from 2002 until 2006. Plaintiff asserts that the "Defendant claims they can't locate a copy of any of the Plaintiff's job descriptions" and that this "production request is necessary to compare what the company identified as his job responsibilities and work schedule with the Plaintiff's actual responsibilities and work schedule." (Pl.'s Mot. to Compel at 3.) IC responds that "it is not aware that any such job descriptions exist" and that, as such, there is nothing to be compelled. The Court agrees that IC cannot be required to produce a document that does not exist. Accordingly, the Court finds that no further discovery shall be ordered as to Request 3.

### *4. Request 4*

As to Request 4, Plaintiff sought his complete personnel record, including annual reviews and training. Plaintiff asserts that IC "produced an altered copy of the Plaintiff's annual reviews" and requests that the Court order IC to "produce an accurate copy . . . in the [format] normally produced." (Pl.'s Mot. to Compel at 3.)

IC responds that it has produced "Plaintiff's personnel file, complete training history, and annual reviews." (IC's Resp. at 7.) IC further argues that, "[a]lthough less than clear, it appears that Plaintiff's motion to compel with respect to this request is limited to seeking copies of his annual review in a format that is different than the format in which Defendant IC produced the reviews." (IC's Resp. at 7.) Although Plaintiff does not specify the nature of the alteration, IC advises that Plaintiff previously objected to "Defendant IC's production with respect to his reviews because the

3

reviews produced by the Company were on legal size paper, where as Plaintiff was provided a copy of various reviews on letter size paper [while] he was employed by the company." (IC's Resp. at 7.) However, IC affirms that it "produced an accurate copy of Plaintiff's reviews as maintained in the ordinary course of Defendant IC's business" and "does not have an obligation to produce any document in Plaintiff's preferred format or in multiple forms." (IC's Resp. at 7.) With respect to Request 4, the Court finds that Plaintiff has not specified how IC's production was deficient or "altered." As IC has affirmed that it has provided Plaintiff's annual reviews as maintained in the ordinary course of Defendant IC's Business, the Court finds that no further production should be ordered.

### 5. *Request 5*

As to Request 5, Plaintiff sought a copy of the personnel records for each individual promoted to Train Master or Assistant Train Master "from" Mobile, Alabama "to" Fulton, Kentucky from June 2005 until the date of Plaintiff's discharge. Plaintiff additionally sought that IC "identify the name, race, qualifications (i.e., education, training, and work history)." Plaintiff claims that IC did not produce the complete personnel records but instead produced a spreadsheet that listed certain promoted employees. Plaintiff states that the deposition of William Hall on May 19, 2010 confirms that the list was incomplete, although Plaintiff provides no citation to the record or explanation of how Hall's deposition confirms the alleged inadequacies. Further, Plaintiff states that IC did not provide any information concerning the education and training of the promoted employees. Thus, Plaintiff requests that the Court order IC to produce the complete personnel record of all promoted employees, including their education, training, and work history.

In response, IC claims that Plaintiff's request is overly broad and seeks confidential, personal

information relating to non-party employees with no possible relevance to this matter. Nevertheless, IC states that it has produced a spreadsheet identifying the name, IC work history through July 13, 2006, effective date of each position, and race for all individuals hired or promoted to the position of Trainmaster or Assistant Trainmaster for the areas of Alabama, Mississippi, Louisiana, Tennessee and Kentucky from June 1, 2005 through July 14, 2005. IC argues that Plaintiff bears the burden of establishing that disclosure is appropriate and that Plaintiff has made no effort to explain how additional, confidential personnel data is relevant to proving his claims.

Upon review, the Court finds that Plaintiff has failed to articulate how IC's list of promoted employees was incomplete. Plaintiff has not provided as an exhibit any deposition testimony of William Hall for the Court to consider the alleged incompleteness of the disclosures. Further, Plaintiff has also failed to explain how the further requested information is discoverable in the instant case and how IC's responses are not adequate. Accordingly, the Court finds that no further discovery shall be ordered as to Request 5.

### 6. *Request 6*

As to Request 6, Plaintiff sought a copy of a tape recording of the investigation held on July 6, 2006. Plaintiff asserts that the request is necessary "in order to compare the actual testimony with the transcript which was completed by a company employee." (Pl.'s Mot. to Compel at 4.) IC responds that the audio recording "can no longer be located," that Plaintiff has not identified any possible inaccuracies with the transcript, and that it will produce the tape if it is located. (IC's Resp. at 8.) Upon review, the Court finds that IC cannot be ordered to produce that which it has affirmed that it is unable to produce. Thus, no further discovery shall be ordered with respect to Request 6.

### B. *Plaintiff's Second Requests for Production*

Next, Plaintiff asserts that IC has failed to produce any of the production requested in Plaintiff's Second Request for Production. Plaintiff states that the "employee's personnel records requested in the Plaintiff's Second Request for production is relevant and admissible evidence regarding Plaintiff's claims." (Pl.'s Mot. to Compel at 4.) Thus, Plaintiff requests that the Court order this production.

Initially, IC responds that Plaintiff has made absolutely no effort to confer with IC regarding the alleged inadequacies in IC's responses. Thus, IC asserts that Plaintiff's Motion to Compel as to the Second Requests for Production should be granted for failure to confer based upon Rule 37(a)(1) and Local Rule 7.2(a)(1)(B). Further, IC addresses each of Plaintiff's Second Requests for Production and asserts that they either request information that is not discoverable or relevant or information that IC does not possess. Thus, IC asserts that Plaintiff's Motion to Compel should also be denied on the merits.

Upon review, the Court finds that Plaintiff's Motion to Compel fails to assert any argument whatsoever as to why the Court should order further responses to Plaintiff's Second Requests for Production. Therefore, for this reason and for Plaintiff's failure to attempt to confer with IC in advance of filing the instant motion to attempt to resolve any alleged inadequacies, the Court finds that no further production shall be ordered as to Plaintiff's Second Requests for Production.

### III. Conclusion

For the reasons set forth herein, Plaintiff's Motion to Compel is hereby DENIED.

**IT IS SO ORDERED** this 3rd day of November, 2010.

s/ Charmiane G. Claxton<br>
CHARMIANE G. CLAXTON<br>
UNITED STATES MAGISTRATE JUDGE